James M. Chadwick et Ux., Appts., *v.* Mary McCombs.

A trust created by deed "for the sole and separate use of A, wife of B, and her heirs" vests in A an equitable estate in fee simple which becomes absolute at the death of B.

The court of common pleas has jurisdiction to decree the trust at an end and to order a conveyance by the trustee.

(Decided November 15, 1886.)

Appeal from a decree of Common Pleas No. 2 of Allegheny County for the plaintiff in a bill in equity. Affirmed.

This was a bill filed by Mary McCombs against John Allen, who as trustee succeeded James Kelly, and against her children, to have a trust, created by deed dated March 10, 1863, adjudged executed and determined and herself declared owner in fee of the land held in trust, and accordingly to require the trustee to execute and deliver to her a deed of the land.

The court below, WHITE, J., directed a decree for the plaintiff in the following opinion:

"If the object of this trust was to protect the property from the debts or control of the husband of Mary McCombs, it ceased at the death of her husband. Freyvogle v. Hughes, 56 Pa. 228.

"If it was an active trust, created for some purpose which required the legal estate to remain in the trustee during the life of the *cestui que trust,* it would not.

"The property was conveyed to James Kelly, 'in trust, nevertheless, for the sole and separate use of Mary McCombs, wife of J. F. McCombs, of East Liberty, and her heirs, with power in him, the said trustee, to sell and convey the same, or any part thereof, in fee, or such other estate as he may deem proper, and the proceeds thereof to invest in lands or otherwise, and hold under the same trust, and with power also to said trustee by deed or last will, to appoint another trustee in his stead or to succeed him.'

NOTE.—A separate use trust with remainder to the issue of the wife's body is executed by the death of the husband or divorce, but not by the husband's desertion. People's Sav. Bank v. Denig, 131 Pa. 241, 18 Atl. 1083.

"The trust is not for the use or benefit of Mary McCombs during her life, and then over to the heir. It is 'for the sole and separate use of Mary McCombs . . . and her heirs.' It certainly was not intended that the trustee should remain trustee after the death of Mary McCombs; yet the language, if strictly construed, would bear that interpretation. The words 'sole and separate use' cannot apply to 'heirs;' yet the sentence reads, 'for the sole and separate use of Mary McCombs and her heirs.' Evidently the meaning is for the sole and separate use of Mary McCombs alone. The object of the trust was to protect the property from the debts or control of her husband. The words 'sole and separate' always have that meaning when applied to married women, and are not often, if ever, applied in any other way. The trust is for her benefit, not for the benefit of her heirs; they would take at her death as heirs, and not by virtue of the trust. She, therefore, took an equitable fee simple, which became absolute when the trust ended by the death of her husband.

"In Bacon's Appeal, 57 Pa. 504, Rife v. Geyer, 59 Pa. 393, 98 Am. Dec. 351, and similar cases, the trusts were declared active to save the estate of a spendthrift, or because of certain provisions, or devises, which required the trustees to perform duties during the entire lifetime of the *cestui que trust,* or to save the estate for the remaindermen.

"In this case there are no duties devolving upon Kelly, the trustee. He is a naked trustee, but clothed with power to sell, and required to invest the proceeds if he should sell. But the proceeds, or the new property, are under precisely the same trust. This provision was also manifestly for the benefit of Mrs. McCombs alone, that a sale might be effected without hindrance or trouble from her husband.

"Even an active trust ceases when its object is at an end, 'and this is always so when an estate of inheritance or an absolute estate is put in trust for coverture merely.' Williams's Appeal, 83 Pa. 377."

Afterward the court entered the following decree:

"And now, April 27, 1886, this cause having come on to be heard on bill and answers and arguments of counsel, it is ordered and decreed that the trust created in the deed of trust of William Ward *et al.,* to James Kelly, who was succeeded by John Allen, has ceased and determined; and that the plaintiff, Mary Mc-

Combs, is tenant in fee simple of the property described therein remaining unsold.

"And it is further ordered and decreed that said John Allen, defendant, shall execute and deliver to said Mary McCombs a conveyance of all his right, title, interest, and estate in the premises aforesaid.

"And that the costs of this proceeding shall be paid by the complainant."

The assignment of error specified the entry of this decree.

*Robb & Fitzsimmons,* for appellants.—If the intention of the grantor was to vest a fee in Mary McCombs, to be held by the trustee during the life of John F. McCombs and free from his control, he has failed in his object, as he expressly says it is "for the sole and separate use of Mary McCombs, wife of John F. McCombs, of East Liberty, and her heirs." There is more than one person who shall benefit by his bounty.

The trust must be for the benefit of the wife exclusive of any other person; and a gift for the benefit of the children as well as the wife has been held not to create a trust for her separate use, although the terms of the gift would otherwise have had that operation. Hill, Trustees, § 421, p. 657; Wardle v. Claxton, 9 Sim. 524; Ashcraft v. Little, 39 N. C. (4 Ired. Eq.) 236; Inge v. Forrester, 6 Ala. 418.

Where a trust for the income, use, and profits has been created, with the provision that at the death of the *cestui que trust* the *corpus* of the estate shall descend to the heirs of the *cestui que trust,* under the intestate law, it is a trust for the protection and payment of the income to the *cestui que trust,* but not of the estate, and the *cestui que trust* does not take a fee in the realty. Thomas v. Folwell, 2 Whart. 15, 30 Am. Dec. 230; Earp's Appeal, 75 Pa. 119; Ashhurst's Appeal, 77 Pa. 464.

Instead of holding the wife to be a *feme sole* to all intents as regards her separate estate, she ought to be deemed so only to the extent of the power clearly given in the conveyance, and that instead of maintaining that she has an absolute right of disposition, unless she is expressly restrained, the converse of the proposition ought to be established—that she has no power but what is expressly given. Lancaster v. Dolan, 1 Rawle, 231, 18 Am. Dec. 625; Methodist Episcopal Church v. Jaques, 3 Johns. Ch. 108; Stokes's Appeal, 80 Pa. 337; Thomas v. Folwell, 2 Whart. 11, 30 Am. Dec. 230; Wright v. Brown, 44 Pa. 240.

This was a question of fact to be passed on as in other cases. When at the execution of the writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admisisible, although it may vary and materially change the terms of the contract. Greenawalt v. Kohne, 85 Pa. 375; Lippincott v. Whitman, 83 Pa. 245; Caley v. Philadelphia & C. County R. Co. 80 Pa. 370; Kostenbader v. Peters, 80 Pa. 438; Graver v. Scott, 80 Pa. 94.

That parol evidence may be admitted to contradict, vary or even avoid a written instrument, where it is proved that but for the oral stipulations it would not have been executed, is a doctrine now so well settled that its discussion would be a mere waste of time. Hoopes v. Beale, 7 W. N. C. 337; Parke v. Neely, 9 W. N. C. 193; Shepler v. Scott, 85 Pa. 329.

This is an ejectment bill. The right of the complainant is denied. The allegation of the respondents is that the complainant is not entitled to the relief sought; and the equities of the complainant are shown not to exist by reason of the vesting of the title in fee in the respondents. The absence of jurisdiction may be taken advantage of on the final hearing. Wiser's Appeal, 9 W. N. C. 508.

A bill in equity which prays for the cancelation of a deed alleged to have been procured by fraud and for a decree restoring to the complainant the possession of land will be dismissed as an ejectment bill. Richard's Appeal, 100 Pa. 52; Triscuit's Appeal, 13 W. N. C. 57; Smaltz's Appeal, 99 Pa. 312; Rife v. Geyer, 59 Pa. 396, 98 Am. Dec. 351; Spangelberger v. Leger, 11 Luzerne Legal Reg. 36.

A court of equity will not entertain a mere ejectment bill. Kennedy's Appeal, 81 *Pa. 163; Messimer's Appeal, 92 Pa. 168; Long's Appeal, 92 Pa. 171; Barclay's Appeal, 93 Pa. 50; Richard v. Cherrington, 12 W. N. C. 140.

*S. Schoyer, Jr.,* for appellee.—The words in the deed are the apt and technical expression to give a married woman an estate free from the control of the husband, and are applied only to married women, or at most to one in contemplation of coverture. The words simply have the operation of designating an estate in which the husband has no rights. Bispham, Eq. §§ 100 *et seq.*

Hence these words cannot apply to the "heirs" in this case, and hence the case in no way differs from a gift in trust for one and her heirs.

A trust for the sole and separate use of a married woman ceases on discovertiere.

In Bush's Appeal, 33 Pa. 85, where the testator devised realty and personalty to a trustee in trust to pay the income to the sole and separate use of his daughter, a married woman, during her natural life, and after death the principal to go to her children, Lowrie, J., held that after the death of the husband the daughter took and the trust ceased; that the intention of the testator, as shown by the words "sole and separate use," was to protect his daughter against her husband and not the heirs against their mother; and, further, that the intention of the testator made no difference, as the gift was to the daughter and her heirs, and "that the equity form does not at all obscure the legal title."

See also Smith v. Starr, 3 Whart. 62, 31 Am. Dec. 498; Freyvogle v. Hughes, 56 Pa. 228; McKee v. McKinley, 33 Pa. 92; Hamersley v. Smith, 4 Whart. 126; Harris's Estate, 3 Phila. 326, and Rea v. Cassel, 36 Phila. Leg. Int. 157.

The grounds of these decisions, which are that the need for protection is at an end at the husband's death, and therefore that the trust ceases, show plainly and clearly that the words "sole and separate use" have in law a fixed, definite, and limited meaning, and that is that the words constitute a technical expression denoting simply that the husband is to have no control of the wife's estate, and nothing else; they have the single effect of limiting and cutting off the husband's right. The fact that these words afford no inference that merely a life estate or any other estate, as to quantity, was granted is shown by the fact that the estates in the above cases were decided to be fees, because the gifts in all of them were to one and her heirs, and not because they were for the sole and separate use of the wife.

Per Curiam:

As this case involved a trust, the equity side of the court of common pleas had jurisdiction, and the learned judge properly construed the deed of the 10th of March, 1863, as vesting an equitable estate in fee in Mary McCombs.

Decree affirmed, and appeal dismissed at the costs of the appellants.