## Stradford v. Stradford

*Louis Sherman*, for plaintiff.
No appearance for defendant.

CIPRIANI, J., September 5, 1974.—And now, September 5, 1974, after trial and upon consideration of this matter, the court hereby makes the following adjudication pursuant to Rule 1517(a):

### STATEMENT OF ISSUE

Does the evidence establish that defendant, Freddie Stradford, holds title to premises 322 North Fifty-ninth Street, Philadelphia, Pa., as trustee ex maleficio for himself and his wife as joint owners?

### FINDINGS OF FACT

1. Plaintiff, Creola Stradford, is the wife of Freddie Stradford, the defendant, whom she married on March 23, 1957.

2. On or about March 29, 1957, title to premises 322 North Fifty-ninth Street, Philadelphia, Pa., was taken in the name of Freddie Stradford, and the deed for same was recorded on April 1, 1957, in deed book C.A.B. no. 525, page 502.

3. On March 29, 1957, plaintiff was at that time a minor of 19 years of age.

4. At the time of said settlement on March 29, 1957, defendant, Freddie Stradford, stated to plaintiff and the title officer at Commonwealth Land Title Insurance Company where settlement took place, in the presence of the previous owner and the mother of plaintiff, that the reason title was not placed in the names of Freddie Stradford and Creola Stradford was because said Creola Stradford was not 21 years of age and was then a minor.

5. Defendant has repeatedly promised since that date of March 29, 1957, to have title to premises 322 North Fifty-ninth Street, Philadelphia, Pa., transferred to both Freddie Stradford and Creola Stradford as joint owners.

6. At time of settlement, plaintiff paid the down payment with her funds which had been on deposit at Penn Federal Savings and Loan Association of Philadelphia. In addition, she has continuously contributed to payment of the mortgage given by Savings and Loan Association of South Philadelphia which direct reduction mortgage loan account was in both names of Freddie Stradford and Creola Stradford. The homeowners policy was also placed in both names.

7. Plaintiff has been continuously employed for the period commencing prior to marriage and continuing to the present time.

8. Plaintiff presently resides at 322 North Fifty-ninth Street, Philadelphia, Pa., the premises in question.

9. Defendant has been served with a copy of the bill in equity and personally been informed of the date scheduled for hearing on the merits of this case.

10. A preliminary injunction had been granted on March 23, 1973, at the request of plaintiff by the Hon.

Judge Montemuro pending final hearing, restraining defendant, Freddie Stradford, from encumbering said premises 322 North Fifty-ninth Street, Philadelphia, Pa., without the written consent of plaintiff.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction to determine whether the premises be held in joint names of husband and wife.

2. That evidence is sufficient to conclude that plaintiff should have her name added to the deed and that title is to be in the names of the parties hereto as joint owners.

3. Equity has jurisdiction to impress a constructive trust in appropriate circumstances. A court of equity may order the reconveyance of real estate. Appeal of Chadwick, 7 Atl. 178, 4 Sadler 121, 5 Cent. 296 (1886); Appeal of Jackson, 8 Atl. 870, 6 Sadler 42, 7 Cent. 850 (1887); Murphy v. Murphy, 74 Montg. 185 (1957).

4. The allegations in the complaint in equity are sustained and the court concludes that title to premises 322 North Fifty-ninth Street, Philadelphia, Pa., is to be recorded in joint names of Freddie Stradford and Creola Stradford, as husband and wife.

The court enters the following

## DECREE NISI

And now, to wit, September 5, 1974, after trial and consideration of this matter, it is orderd and decreed:

1. That defendant is hereby declared to be trustee ex maleficio for the interest of himself and plaintiff, Creola Stradford, as tenants for the entireties for premises situate and known as 322 North Fifty-ninth Street, Philadelphia, Pa.

2. That defendant is enjoined and restrained from conveying, transferring, encumbering or otherwise disposing of, or diminishing, his interest in said real

estate until after final decree, and this decree shall be docketed as a lien thereon.

The prothonotary is directed to enter this decree nisi and to give notice to the parties or their counsel of record. If no exceptions are filed within 20 days, this court shall direct the prothonotary to enter a final decree and to execute a deed transferring title to the aforesaid real estate as ordered by the court.